UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ABRAHAM GEORGE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>INDIANA GAMING COMMISSION, )<br>)<br>Defendant. ) | Case No. 1:18-cv-02563-TWP-MJD |

**ORDER GRANTING DEFENDANT'S
MOTION TO ALTER OR AMEND JUDGMENT**

This matter is before the Court on a Motion to Alter or Amend Judgment (Filing No. 72) filed by Defendant Indiana Gaming Commission ("IGC"). Plaintiff Abraham George ("George") initiated this action, asserting claims against IGC for employment discrimination based on national origin and color because of repeated failures to promote him and for retaliation. IGC moved the Court for summary judgment on George's claims, and the Court granted summary judgment on George's discrimination claim (Filing No. 71 at 20–21). However, summary judgment was denied on the retaliation claim. *Id.* IGC promptly filed its Motion to Alter or Amend Judgment on the retaliation claim. For the following reasons, the Court **grants** the Motion.

### I.     LEGAL STANDARD

This Motion is properly classified as a motion to reconsider under Federal Rule of Civil Procedure 54(b) because no final judgment has been entered in this case. *See* Fed. R. Civ. P. 54(b) ("any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities").

The Court applies a similar standard as applied to motions to alter or amend a judgment under Rule 59(e). Motions to reconsider filed pursuant to Rule 54(b) or Rule 59(e) are for the purpose of correcting manifest errors of law or fact or to present newly discovered evidence not available at the time of briefing, and a motion to reconsider an order under Rule 54(b) is judged by largely the same standard as a motion to alter or amend a judgment under Rule 59(e). *Katz-Crank v. Haskett*, 2014 U.S. Dist. LEXIS 95144, at *6 (S.D. Ind. July 14, 2014); *Woods v. Resnick*, 725 F. Supp. 2d 809, 827–28 (W.D. Wis. 2010).

Motions to reconsider "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *State Farm Fire & Cas. Co. v. Nokes*, 263 F.R.D. 518, 526 (N.D. Ind. 2009). The motion is to be used "where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citation omitted). A motion to reconsider under Rule 54(b) also may be appropriate where there has been "a controlling or significant change in the law or facts since the submission of the issue to the Court." *Id.* (citation omitted).

The purpose of a motion for reconsideration is to ask the Court to reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989). The motion "will be successful only where the movant clearly establishes: (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (citation and quotation marks omitted). A manifest error "is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling

precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation and quotation marks omitted).

## II.   DISCUSSION

In the Motion to Alter or Amend Judgment, IGC asks the Court to reconsider its summary judgment Order on George's Title VII retaliation claim. In its Order, the Court granted summary judgment in favor of IGC on George's Title VII discrimination claim but denied judgment on the retaliation claim. The Court concluded that evidence supported a causal connection between George's protected activity and IGC's adverse employment action, which precluded summary judgment.

IGC argues that the Court incorrectly found as a matter of law that George's supervisor's statement that George was unqualified for any promotion was itself an "adverse employment action." IGC asserts that, even if the Court revised its summary judgment Order and found that George's supervisor's failure to interview or promote George in December 2018 was an adverse employment action, the Court already has found that this decision was justified by a legitimate, non-discriminatory, non-pretextual reason—the other candidate was better qualified. IGC argues the Court's Order regarding the causal connection element of George's retaliation claim is based on a truncated factual record that has led to a manifest error of fact. George's supervisor's statement about George's "reactions" was not a general one that could include George filing his EEOC charge but, rather, was a summation of specific "reactions" that the supervisor and George's attorney discussed during the supervisor's deposition. The twelve pages covering this discussion were not related to George's EEOC complaint, and these pages were not previously provided to the Court because George did not argue that his supervisor's statement provided the causal link to support his retaliation claim. Absent an argument by George, IGC contends that it had no reason to

3

anticipate or ability to respond to the position raised by the Court and therefore could not appropriately supplement the record. OGC argues that when considering the statement in the appropriate context, summary judgment should have been granted on the retaliation claim.

In response, George argues that neither party disputed that he engaged in statutorily protected activity when he filed his EEOC charge of discrimination. George argues that the Court correctly concluded that evidence supports a finding that he suffered an adverse employment action when he was foreclosed from any promotion by his supervisor. He argues that the Court correctly concluded the evidence shows a causal connection between his filing of the EEOC charge and his denial of even an interview for the December 2018 position, whereas he had at least been given an interview for earlier positions.

In the summary judgment Order, the Court explained,

> To establish a *prima facie* case of retaliation under Title VII, a plaintiff must provide evidence that "(1) he engaged in a statutorily protected activity; (2) he suffered a materially adverse action; and (3) a causal connection exists between the two." *Harper v. C.R. Eng., Inc.*, 687 F.3d 297, 306 (7th Cir. 2012). After the plaintiff establishes a *prima facie* case, the burden of production shifts to the defendant employer to come forward with a legitimate, non-retaliatory reason for its actions. *Griffin v. Board of Regents of Regency Univ.*, 795 F.2d 1281, 1294 (7th Cir.1986). If the defendant rebuts the plaintiff's *prima facie* case in this manner, the plaintiff then has a chance to show that the defendant's proffered reasons are pretextual. *Id*.

(Filing No. 71 at 15.)

The Court noted in the summary judgment Order that the parties did not dispute that George engaged in statutorily protected activity when he filed a charge of discrimination with the EEOC. The Court then went on to determine that IGC took an adverse employment action against George and that action was causally connected to George's protected activity. That causal connection was based upon George not being interviewed for the Field Audit I position in December 2018 after

George had filed his EEOC charge, whereas he had been granted interviews for other positions before his EEOC charge. *See id.* at 16–20.

After deciding a *prima facie* case for retaliation was supported, the Court inadvertently neglected to consider IGC's reason for not promoting or granting an interview to George in December 2018 for the Field Auditor I position and whether that reason was pretextual. Within the context of the discrimination claim, the Court already determined that IGC had a legitimate, non-pretextual reason for its action in December 2018:

> The evidence supports the Defendant's assertions that the other candidates for each position were better qualified than George. For the Field Auditor I position, . . . [t]he evidence supports the Defendant's contention that Quist, Brady's hire for the position in 2018, was better qualified for that position. Quist had ten years of experience working in compliance and internal auditing within the casino industry, bringing a unique and valuable perspective on casino operations that the hiring manager felt was very rare to find.

([Filing No. 71 at 11](Filing No. 71 at 11)–12.) The Court also noted that "George himself acknowledged that whoever made the decisions to hire each of these candidates for the positions did so because they were a better candidate." *Id.* at 15.

The Court discussed IGC proffer that "George had not been selected for an interview because '[a]n interview [was] unnecessary as [Brady was] familiar with [his] skill set through extensive interaction and observation as [his] Division Director.' George contend[ed] this reason is pretext, . . . [but] the Court [was] not persuaded by George's argument." *Id.* at 19–20 (internal citation omitted).

Upon reconsideration, the Court agrees that because IGC offered a legitimate reason for its actions, and George failed to show through the designated evidence that this reason was a pretext for retaliation, summary judgment should have been granted to IGC on the retaliation claim.

5

Accordingly, the Court amends its summary judgment Order (Filing No. 71) and grants summary judgment in favor of IGC and against George on the Title VII retaliation claim.

### III. CONCLUSION

For the foregoing reasons, IGC's Motion to Alter or Amend Judgment (Filing No. 72) is **GRANTED**. The Court **amends** its summary judgment Order (Filing No. 71) to grant summary judgment in favor of IGC and against George on the Title VII retaliation claim. With summary judgment being granted to IGC on both of the Title VII claims brought by George, the Court **vacates** the trial and final pretrial conference. Final judgment will issue under separate order.

**SO ORDERED.**

Date: 4/6/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Brandyn Lee Arnold
INDIANA ATTORNEY GENERAL
brandyn.arnold@atg.in.gov

Christopher E. Clark
GOODIN ABERNATHY LLP
cclark@goodinabernathy.com